# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>86 Brydon Unit Number 42, Brydon Farms Condominium, Westbrook, ME 04092 |
| **Ann-Marie Abbott** | Mortgage:<br>March 24, 2006<br>Book 23791, Page 51<br>Cumberland County Registry of Deeds |
| **Defendant**<br>Internal Revenue Service - Department of the Treasury<br>State of Maine - Maine Revenue Services<br>Brydon Farm Condominiums Association<br>c/o Dirigo Management Company | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Ann-Marie Abbott, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal Home Loan Mortgage Corporation, in which the Defendant, Ann-Marie Abbott, is the obligor and the total amount owed under the terms of the Note is Four Hundred Four Thousand Eight Hundred Sixty-eight and 62/100 ($404,868.62) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. This Court also has jurisdiction under 28 U.S.C. § §1345, 1442, 1452(c) and 1454. *See also, Lightfoot v. Cendant Mortgage Corp.,* 580 U.S. 82, 137 S.Ct. 553, 564 (2017).

4. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

5. Federal Home Loan Mortgage Corporation is a private corporation founded by Congress, with its principal place of business located at 8200 Jones Branch Drive, McLean, Virginia 22102.

6. The Defendant, Ann-Marie Abbott, is a resident of Westbrook, County of Cumberland and State of Maine.

7. The Party-in-Interest, Internal Revenue Service - Department of the Treasury, is located at 1500 Pennsylvania Ave SE, Washington, DC 20003.

8. The Party-in-Interest, STATE OF MAINE - MAINE REVENUE SERVICES, is located at 51 Commerce Dr, Augusta, ME 04330.

9. Brydon Farm Condominiums Association c/o Dirigo Management Company, is an association located at One City Center, Portland, ME 04101.

## FACTS

10. On March 24, 2006, by virtue of a Warranty Deed from Lloyd R. Hunt, Trustee of the Hunt Revocable Living Trust and Lloyd R. Hunt, Successor Trustee of the Barker Revocable Living Trust, which is recorded in the Cumberland County Registry of Deeds in **Book 23791, Page 48**, the property situated at 86 Brydon Way Unit Number 42, Brydon Farms Condominium, City/Town of Westbrook, County of Cumberland, and State of Maine, was conveyed to Ann-Marie Abbott, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. On March 24, 2006, Defendant, Ann-Marie Abbott, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note under seal in the amount of $264,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on March 24, 2006, Defendant, Ann-Marie Abbott, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Lenders Network USA, Inc., securing the property located at 86 Brydon Way Unit Number 42, Brydon Farms Condominium, Westbrook, ME 04092 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 23791**, **Page 51**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP by virtue of an Assignment of Mortgage dated May 18, 2011 and recorded in the Cumberland County Registry of Deeds in **Book 28736**, **Page 155**. *See*

Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Homeward Residential, Inc. FKA American Home Mortgage servicing, Inc. by virtue of an Assignment of Mortgage dated October 24, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 30097**, **Page 208**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On January 22, 2015, the Defendant, Ann-Marie Abbott, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $306,386.80 (herein after referred to as the "Loan Modification"), which modified the mortgage to make Nationstar Mortgage, LLC the original lender and acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated January 24, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34661**, **Page 219**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Select Portfolio Servicing, Inc. by virtue of an Assignment of Mortgage dated November 5, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 36144**, **Page 309**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was further assigned to Select Portfolio Servicing, Inc. by virtue of a Quitclaim Assignment dated October 5, 2022 and recorded in the Cumberland County Registry of Deeds in **Book 39770**, **Page 19**.  *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

19. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated April 7, 2023 and recorded in the Cumberland County Registry of Deeds in **Book 40124**, **Page 182**.  *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. On May 24, 2023, the Defendant, Ann-Marie Abbott, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

21. The Demand Letter informed the Defendant, Ann-Marie Abbott, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit K.

22. The Defendant, Ann-Marie Abbott, failed to cure the default prior to the expiration of the Demand Letter.

23. The Plaintiff, Federal Home Loan Mortgage Corporation, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

24. The Plaintiff, Federal Home Loan Mortgage Corporation, hereby certifies that it is the lawful holder and owner of the Note and Mortgage.

25. The Plaintiff, Federal Home Loan Mortgage Corporation, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

26. Internal Revenue Service - Department of the Treasury is a Party-in-Interest pursuant to a Notice of Federal Lien in the amount of $62,841.19 dated June 1, 2006, and recorded in the Cumberland County Registry of Deeds in **Book 24057**, **Page 43** and is in second position behind Plaintiff's Mortgage.

27. State of Maine - Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $28,173.47 dated September 4, 2008, and recorded in the Cumberland County Registry of Deeds in **Book 26330**, **Page 32** and is in third position behind Plaintiff's Mortgage.

28. Internal Revenue Service - Department of the Treasury is a Party-in-Interest pursuant to a Notice of Federal Lien in the amount of $64,196.12 dated September 17, 2008, and recorded in the Cumberland County Registry of Deeds in **Book 26366**, **Page 60** and is in fourth position behind Plaintiff's Mortgage.

29. Internal Revenue Service - Department of the Treasury is a Party-in-Interest pursuant to a Notice of Federal Lien in the amount of $54,107.24 dated February 6, 2009, and recorded in the Cumberland County Registry of Deeds in **Book 26637**, **Page 21** and is in fifth position behind Plaintiff's Mortgage.

30. Internal Revenue Service - Department of the Treasury is a Party-in-Interest pursuant to a Notice of Federal Lien in the amount of $25,704.95 dated February 9, 2009, and recorded in the Cumberland County Registry of Deeds in **Book 26648**, **Page 232** and is in sixth position behind Plaintiff's Mortgage.

31. State of Maine - Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $67,876.71 dated March 17, 2010, and recorded in the Cumberland County Registry of Deeds in **Book 27651**, **Page 76** and is in eighth position behind Plaintiff's Mortgage.

32. State of Maine - Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $18,368.92 dated July 25, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 28841**, **Page 268** and is in ninth position behind Plaintiff's Mortgage.

33. State of Maine - Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $1,563.19 dated January 28, 2013, and recorded in the Cumberland County Registry of Deeds in **Book 30782**, **Page 172** and is in tenth position behind Plaintiff's Mortgage.

34. Internal Revenue Service - Department of the Treasury is a Party-in-Interest pursuant to a Notice of Federal Lien in the amount of $6,221.78 dated January 18, 2017, and recorded in the Cumberland County Registry of Deeds in **Book 33766**, **Page 318** and is in eleventh position behind Plaintiff's Mortgage.

35. State of Maine - Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $2,973.36 dated October 10, 2018, and recorded in the Cumberland County Registry of Deeds in **Book 35206**, **Page 224** and is in twelfth position behind Plaintiff's Mortgage.

36. Brydon Farm Condominiums Association c/o Dirigo Management Company is a Party-In-Interest under Maine law and is in thirteenth position behind Plaintiff's Mortgage.

37. The total debt owed under the Note and Mortgage as of July 21, 2023 is Four Hundred Four Thousand Eight Hundred Sixty-eight and 62/100 ($404,868.62) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $297,866.39 |
| Interest | $74,560.02 |
| Unpaid Late Charges | $1,352.80 |
| Escrow Advance | $29,141.87 |
| Loan Level Advance Balance | $1,836.99 |
| Incurred Legal Fees and Costs | $110.55 |
| Grand Total | $404,868.62 |

38. Upon information and belief, the Defendant, Ann-Marie Abbott, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

39. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 86 Brydon Way Unit Number 42, Brydon Farms Condominium, Westbrook, County of Cumberland, and State of Maine. *See* Exhibit A.

41. The Plaintiff, Federal Home Loan Mortgage Corporation, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation, has the right to foreclosure and sale upon the subject property.

42. The Plaintiff, Federal Home Loan Mortgage Corporation, certifies it is the current owner and investor of the aforesaid Mortgage and Note.

43. The Defendant, Ann-Marie Abbott, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

44. The total debt owed under the Note and Mortgage as of July 21, 2023 is Four Hundred Four Thousand Eight Hundred Sixty-eight and 62/100 ($404,868.62) Dollars.

45. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

46. By virtue of the Defendant, Ann-Marie Abbott's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

47. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Ann-Marie Abbott, on May 24, 2023, evidenced by the Certificate of Mailing. *See* Exhibit K.

48. The Defendant, Ann-Marie Abbott, is not in the Military as evidenced by the attached Exhibit L.

49. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

50. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. On March 24, 2006, the Defendant, Ann-Marie Abbott, executed under seal and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $264,000.00. *See* Exhibit B.

52. The Defendant, Ann-Marie Abbott, is in default for failure to properly tender the December 1, 2017 payment and all subsequent payments. *See* Exhibit K.

53. The Plaintiff, Federal Home Loan Mortgage Corporation, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ann-Marie Abbott.

54. The Defendant, Ann-Marie Abbott, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

55. The Defendant, Ann-Marie Abbott's, breach is knowing, willful, and continuing.

56. The Defendant, Ann-Marie Abbott's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of July 21, 2023, if no payments are made, is Four Hundred Four Thousand Eight Hundred Sixty-eight and 62/100 ($404,868.62) Dollars.

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

59. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

60. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. By executing, under seal, and delivering the Note, the Defendant, Ann-Marie Abbott, entered into a written contract with Mortgage Lenders Network USA, Inc. who agreed to loan the amount of $264,000.00 to the Defendant. *See* Exhibit B.

62. As part of this contract and transaction, the Defendant, Ann-Marie Abbott, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

63. The Plaintiff, Federal Home Loan Mortgage Corporation, is the proper holder of the Note and successor-in-interest to Mortgage Lenders Network USA, Inc., and has performed its obligations under the Note and Mortgage.

64. The Defendant, Ann-Marie Abbott, breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2017 payment and all subsequent payments. *See* Exhibit K.

65. The Plaintiff, Federal Home Loan Mortgage Corporation, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ann-Marie Abbott.

66. The Defendant, Ann-Marie Abbott, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

67. The Defendant, Ann-Marie Abbott, is indebted to Federal Home Loan Mortgage Corporation in the sum of Four Hundred Four Thousand Eight Hundred Sixty-eight and 62/100 ($404,868.62) Dollars, for money lent by the Plaintiff, Federal Home Loan Mortgage Corporation, to the Defendant.

68. Defendant, Ann-Marie Abbott's, breach is knowing, willful, and continuing.

69. Defendant, Ann-Marie Abbott's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

70. The total debt owed under the Note and Mortgage as of July 21, 2023, if no payments are made, is Four Hundred Four Thousand Eight Hundred Sixty-eight and 62/100 ($404,868.62) Dollars.

71. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

72. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

73. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 72 as if fully set forth herein.

74. Mortgage Lenders Network USA, Inc., predecessor-in-interest to Federal Home Loan Mortgage Corporation, loaned the Defendant, Ann-Marie Abbott, $264,000.00. *See* Exhibit B.

75. The Defendant, Ann-Marie Abbott, has failed to repay the loan obligation.

76. As a result, the Defendant, Ann-Marie Abbott, has been unjustly enriched to the detriment of the Plaintiff, Federal Home Loan Mortgage Corporation as successor-in-interest to Mortgage Lenders Network USA, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

77. As such, the Plaintiff, Federal Home Loan Mortgage Corporation, is entitled to relief.

78. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322 and the order of priority of any Parties-In-Interest that appear;

b) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation, upon the expiration of the period of redemption;

c) Find that the Defendant, Ann-Marie Abbott, is in breach of the Note by failing to make payment due as of December 1, 2017, and all subsequent payments;

d) Find that the Defendant, Ann-Marie Abbott, is in breach of the Mortgage by failing to make payment due as of December 1, 2017, and all subsequent payments;

e) Find that the Defendant, Ann-Marie Abbott, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Ann-Marie Abbott, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Ann-Marie Abbott has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation, to restitution;

j) Find that the Defendant, Ann-Marie Abbott, is liable to the Plaintiff, Federal Home Loan Mortgage Corporation, for money had and received;

k) Find that the Defendant, Ann-Marie Abbott, has appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendant, Ann-Marie Abbott, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, is entitled to restitution for this benefit from the Defendant, Ann-Marie Abbott;

n) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment against the Defendant, Ann-Marie Abbott, and in favor of the Plaintiff, Federal Home Loan Mortgage Corporation, in the amount of Four Hundred Four Thousand Eight Hundred Sixty-eight and 62/100 ($404,868.62) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

p) For such other and further relief as this Honorable Court deems just and equitable.

|  | Respectfully Submitted, |
|---|---|
|  | Federal Home Loan Mortgage Corporation, |
|  | By its attorneys, |
| Dated: August 1, 2023 |  |
|  | /s/Reneau J. Longoria, Esq. |
|  | Reneau J. Longoria, Esq. Bar No. 005746 |
|  | Attorney for Plaintiff |
|  | Doonan, Graves & Longoria, LLC |
|  | 100 Cummings Center, Suite 303C |
|  | Beverly, MA 01915 |
|  | (978) 921-2670 |
|  | RJL@dgandl.com |