UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, *not in its Individual Capacity but Solely as Owner Trustee for* VRMTG ASSET TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ANN-MARIE ABBOTT,<br><br>Defendant,<br><br>and<br><br>INTERNAL REVENUE SERVICE; MAINE REVENUE SERVICES; BRYDON FARMS CONDOMINIUMS ASSOCIATION, c/o DIRIGO MANAGEMENT COMPANY,<br><br>Parties in Interest. | No. 2:23-cv-00301-JAW |

**ORDER IN PARTIAL RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE AND DEFENDANT'S RESPONSE TO ORDER**

On October 11, 2024, Ann-Marie Abbott filed a request that the Plaintiff's motion for default judgment not be granted because she has received two offers in the form of purchase and sale agreements for a condominium at 86 Brydon Way in Westbrook, Maine. *Def.'s Mot. to Set Aside and Resp. to Order* (ECF No. 44). The Court is ordering U.S. Bank to expeditiously respond to her motion and do so no later than October 18, 2024.

However, the Court is also issuing this order to respond to Ms. Abbott's second point:

> I am confused about the repeated mention in court documents referring to me *not filing an answer to the foreclosure complaint*. Throughout the foreclosure mediation process, both CEI and I communicated with plaintiff's attorney and on several occasions afterward. We have never received a request for a response from the plaintiff or I would have responded immediately. Although I am unable to afford an attorney, I have tried to understand and comply with all requests from the court and plaintiff to the best of my ability.

*Id.* at 1.

In referring to Ms. Abbott's failure to file an answer, the Court is using a term of art under the law, which is defined by the Federal Rules of Civil Procedure. Rule 8(b) provides:

> **(b) Defenses; Admissions and Denials.**
>
> **(1)** *In General.* In responding to a pleading, a party must:
>
> **(A)** state in short and plain terms its defenses to each claim asserted against it; and
>
> **(B)** admit or deny the allegations asserted against it by an opposing party.
>
> **(2)** *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
>
> **(3)** *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>
> **(4)** *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>
> **(5)** *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

> **(6)** *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

FED. R. CIV. P. 8(b). Under Federal Rule of Civil Procedure 12(a)(1)(A), a defendant "must serve an answer" within twenty-one days after being served with the summons and complaint.

Stated succinctly, Ms. Abbott has never complied with the requirements of Rules 8(b) and 12(a)(1)(A) because she has never filed an answer within the meaning of the law to the pending foreclosure complaint. Specifically, she has not filed any response asserting any legal defenses in short and plain terms, nor has she made any general and specific denials to the allegations of the complaint. *See* FED. R. CIV. P. 8(b). By referring to her failure to do so, the Court does not call into question her attempts to understand and comply with the law. The Court has simply noted that she has not done so, despite the Court's repeated orders that she file an answer. Regardless of her failure to comply with the procedural requirements of the federal rules, the Court has indulged Ms. Abbott because she is acting pro se, and has thus avoided imposing a default against her. Nevertheless, as this foreclosure complaint has been pending since August 1, 2023, the Court has determined that the time has come to move the matter along and reach a resolution when the case is scheduled for bench trial on October 28, 2024 at 11:00 a.m. *Notice* (ECF No. 41).

To the extent Ms. Abbott is objecting to the Court's references to her having failed to file an answer, the Court DISMISSES in part her Defendant's Motion to Set

Aside and Response to Order (ECF No. 44) because, as explained, Ms. Abbott has not yet filed an answer within the meaning of the law.

Also, in her motion, Ms. Abbott says that, in response to this Court's order at ECF Number 43, she objects to the requested entry of default judgment. At ECF Number 43, the Court allowed Ms. Abbott to object, if she chose to do so, to U.S. Bank's motion for corporate witness to appear via Zoom at the bench trial scheduled for October 28, 2024. As Ms. Abbott did not address the merits of U.S. Bank's motion in her response, she has waived the right to object. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (finding "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). Therefore, the Court DISMISSES in part Defendant's Motion to Set Aside and Response to Order (ECF No. 44) and GRANTS U.S. Bank's Motion for Corporate Witness to Appear Via Zoom (ECF No. 42).

As to Ms. Abbott's point about the effect of her receipt of purchase and sale agreement offers, the Court will allow U.S. Bank to respond. U.S. Bank must respond to Ms. Abbott's request not to grant a default judgment no later than October 18, 2024. If U.S. Bank is amenable to continuing the default judgment hearing now scheduled for October 28, 2024, the Court will continue the scheduled hearing to allow U.S. Bank and Ms. Abbott to attempt to resolve the pending foreclosure. If U.S. Bank objects to Ms. Abbott's motion and wishes to proceed with the default judgment hearing, the Court will dismiss Ms. Abbott's motion and the matter will proceed with

the October 28, 2024 hearing as scheduled. The Court will promptly act on the motion once U.S. Bank files its response.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2024